### UNITED STATES v. RICH.

(Third Division. Anchorage. Aug. 2, 1922.)

No. 882, Criminal.

**Criminal Law ⊚⟹627½—Evidence—Discovery.**

>    On application, a defendant in a criminal case may have inspection and the right to photograph a piece of glass in the custody of the prosecuting officers, upon which it is claimed are finger prints made by defendant.

Defendant has filed an application—

"for an order permitting defendant to have made a photograph of a certain piece of glass, alleged by the plaintiff's witnesses to have been found near the scene of the crime charged in the indictment against the defendant herein, and to have imprinted thereon the finger prints of the defendant."

The United States attorney resists the application. It is admitted that the prosecution has the glass in question and intends to use it against the defendant at the trial.

Sherman Duggan, U. S. Atty., of Anchorage.

A. E. Rucker, L. V. Ray, of Seward, and A. J. Dimond, of Valdez, for defendant.

RITCHIE, District Judge. I am unable to see any ground for refusing the application, except that there is no express statutory provision for granting it, and no precedent has been cited. The United States attorney urged at the hearing that it was an attempt to compel the prosecution to disclose its case. Inasmuch as the intended use of the glass is admitted, I am unable to see any merit in the argument. If the defendant were to ask an order directing the prosecution to furnish him an outline of its entire case, the demand would be unreasonable. If this were done, the defendant would no doubt object at the trial if any testimony were offered of which he had no prior notice.

The request for a photograph of the alleged finger prints, in order that defendant may have them examined by experts of his own choosing, seems entirely reasonable to me. The defendant is entitled to have every opportunity to prepare his defense. The whole purpose of a law trial, criminal or civil,

⊚⟹See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

is to ascertain the truth. No unfair handicap is imposed upon either party by allowing the other to have full knowledge of inanimate objects intended to be used in evidence. They are unchangeable, except by destruction or willful alteration. The law of English-speaking states nearly everywhere provides by statute or long precedent for the inspection of written documents. Section 1322 of the Alaska Code makes this provision. The Alaska Workmen's Compensation Law (Laws 1915, c. 71, § 24) provides that a claimant must submit at reasonable times to physical examination by physicians designated by the employer. The same rule is recognized generally in the United States, Canada, and England in compensation and personal injury cases. In such cases examination of chattels prior to trial is nearly always allowed, at least in recent years. The reason seems to me to be fully as strong in criminal cases. The government is given the right in Alaska to obtain by search warrant "property used as means of committing a felony." Why should the prosecution be allowed to withhold and conceal from a defendant all knowledge of a chattel which it claims carries convincing evidence of defendant's guilt? The evidence cannot be altered by defendant's prior knowledge, nor can its force be minimized if the theory of the prosecution be correct. Inspection by the defendant before trial merely offers him the means of showing, if he can, that the prosecution's theory is wrong. The logic of the issue is thus stated in Wigmore on Evidence, § 1862:

"So far as concerned chattels and premises in his possession or control, the adversary in common-law actions, like the true gamester that the law encouraged him to be, held safely all the trump cards of the situation, free from all legal liability of disclosure before trial; in this respect there was not recognized even the limited right of inspection which, after the days of Lord Mansfield, had been conceded for documentary evidence. But in chancery, under the same wholesome principle and practice by which bills of discovery were allowed for ascertaining the opponent's testimony and the documents in his possession, the inspection of chattels and premises in his possession or control was obtainable wherever fairness seemed to demand it."

In Reynolds v. Burgess S. F. Co., 71 N. H. 332, 51 Atl. 1075, 57 L. R. A. 949, 93 Am. St. Rep. 535, the principle involved is exhaustively discussed. This was an action to recover damages for death of plaintiff's decedent, alleged to be

due to defendant's negligence. A defective strap on an engine was charged to be the cause of the fatality, and demand was made by the plaintiff for an inspection of the strap prior to trial, which was resisted by the defendant. In the opinion of the court, Chase, J., says:

"The defendants' second objection is because the discovery and inspection are sought for the purpose of having the broken strap examined by persons with a view of enabling them to testify as experts in the action at law. This objection must also be overruled. It is evident that expert testimony may be competent upon the issue to be tried, whether it relate to the form of the strap, the manner of its construction, or the character of the materials from which it was made. The defendants have ample opportunity to procure such testimony. Justice requires that the plaintiff shall also have an opportunity to have the strap examined by persons in whose skill and scientific knowledge she has confidence. There cannot be a fair trial of the case unless such opportunity be given to the plaintiff. Indeed, it may be that she cannot establish her right—if she have one—without having the opportunity."

In the case at bar the prosecution expects to prove by expert testimony that finger prints on the glass in question are those of the defendant. He cannot have a fair trial without having reasonable opportunity to show—if he can—by expert testimony that the finger prints were not made by him; that they show variations of greater or less degree from his own finger prints. This cannot be done at a moment's notice. If this application were refused now, and an expert should testify at the trial that the finger prints are defendant's and give plausible reasons for the assertion, the defendant would be entitled to a continuance of the hearing until he could have opportunity to refute such evidence, by expert or other testimony.

An order will be made allowing defendant to secure a photograph of the glass in question, under the direction of the person having official custody of it, and under such limitations as will prevent possible damage to it.