[S. F. No. 15186. In Bank.—November 2, 1934.]

THE BOARD OF TRUSTEES OF THE LELAND STAN- FORD JUNIOR UNIVERSITY (a Body Having Cor- porate Powers), Petitioner, v. THE STATE BOARD OF EQUALIZATION et al., Respondents.

Louis S. Beedy and George J. Presley for Petitioner.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondents.

WASTE, C. J.—Over the protest of petitioner, respondent State Board of Equalization has granted a license to the California Avenue Pharmacy at Palo Alto to sell intoxicating liquors. Petitioner contends that such action is illegal and the license void because issued in direct violation of the provisions of section 172a of the Penal Code, which prohibits the sale of intoxicating liquor within one and one-half miles of the grounds or campus of Stanford University. Petitioner is here seeking a writ of review of the action of the respondent board, and that the order granting and issuing the license be set aside and annulled as being beyond the jurisdiction of the board.

It is stipulated by the parties, in lieu of a return by respondents to the order to show cause issued herein, that "the principal grounds or campus of said university were and are located in Santa Clara county, California, and that the principal educational buildings and the principal administrative offices of said university, and all of its student dormitories were and are situated thereon, and its principal educational activities were and are there conducted, and more than 500 of its students then and now reside or lodge thereon, and that said university at all of said times had and still has an enrollment of more than 1000 students;

that all of said facts were set forth in the aforesaid protest filed by petitioner''; that the California Avenue Pharmacy is located at 381 California Avenue in Palo Alto, and is 0.7 miles in the usual course of travel (but less in a straight line) from the nearest point on the boundary of the aforesaid campus of the university, as that boundary was defined and established by the board of trustees of the university on December 27, 1918; and that the administration building, which contains most of the principal administrative offices of the university, is located on the campus and is 2.25 miles from the California Avenue Pharmacy in the usual course of travel, but only 1.345 miles in a straight line. These stipulated facts bring the cause within the application of section 172a, *supra*, which, so far as applicable here, provides that every person is guilty of a misdemeanor who, ''upon or within one and one-half miles of the university grounds or campus, upon which are located the principal administrative offices of any university having an enrollment of more than one thousand students, more than five hundred of whom reside or lodge upon such university grounds or campus, sells, gives away, or exposes for sale, any vinous or alcoholic liquors''. (*In re Burke,* 160 Cal. 300 [116 Pac. 755].)

The question therefore arises, How shall it be determined whether the pharmacy is located within the forbidden area? In *In re Burke, supra,* it was held that section 172a, *supra,* applies to the grounds of Stanford University and ''that campus which form the center of its activities, and where, because they are the center of its activities, the 'principal administrative offices', within the meaning of the law must be located''. (See, also, *In re Brady,* 106 N. Y. Supp. 921.) We are of the view that the distance is to be measured from the campus limits, and by a direct and straight line. The authorities support that view, and commend it to our consideration and acceptance. (*Commonwealth* v. *Jones,* 142 Mass. 573 [8 N. E. 603]; *Woodring* v. *Nolan,* (Iowa) 135 N. W. 567; *Sheehy* v. *Johnson,* 12 App. Cas. (D. C.) 92.)

Rule 3 (b) of the respondent Board of Equalization reads: ''No license of any character will be issued for premises located within any area in which such establishments are prohibited by law because of proximity to State prisons

and Federal institutions and schools and construction camps engaged in public works.'' ■ As the licensed place of business in this case is located in territory in which the sale of intoxicating liquor is prohibited by law, the respondent Board of Equalization granted an illegal and void license to the California Avenue Pharmacy, permitting it to sell intoxicating liquor. (*Great Western Power Co.* v. *Board of Supervisors,* 21 Cal. App. 146 [131 Pac. 88] ; *District of Columbia* v. *Wilson,* 44 App. Cas. (D. C.) 265.) It is, therefore, the duty of the Board of Equalization to cancel and annul the license.

■ Petitioner cannot attain the end sought in this proceeding through the issuance of a writ of *certiorari,* which will issue only to review the action of an inferior tribunal, board or officer exercising judicial functions, which has exceeded its jurisdiction. (Code Civ. Proc., sec. 1068.) Acts simply ministerial in their nature, and in no sense judicial, such as the granting of the license by the respondents in this case, cannot be reached by a writ of review. (*Traffic Truck Sales Co.* v. *Justice's Court,* 192 Cal. 377, 381 [220 Pac. 306].) Under the circumstances here presented by the petition and the agreed statement of facts filed in lieu of an answer, we are of the opinion that the situation can be, and, because of its importance to the student body at Stanford University, should be, reached forthwith. The California Avenue Pharmacy cannot lawfully carry on the business of selling intoxicating liquor. ■ A court of equity has full authority to and may close the place or prevent the sale of intoxicating liquor on the premises by order of court and a writ of injunction. (*George* v. *Travis,* 185 Mich. 597 [152 N. W. 207, L. R. A. 1915E, 408] ; *Cheney* v. *Coughlin,* 201 Mass. 204 [87 N. E. 744].) ■ But, while the petition here may have demanded the wrong relief, there is no reason why, with all the facts before us, this court should not give such appropriate relief as the record warrants. (*Van Hoosear* v. *Railroad Com.,* 189 Cal. 228, 236 [207 Pac. 903] ; *Traffic Truck Sales Co.* v. *Justice's Court, supra; Swim* v. *Superior Court,* 193 Cal. 539, 544 [226 Pac. 2] ; *Finn* v. *Butler,* 195 Cal. 759, 766 [235 Pac. 992] ; *A. G. Col Co.* v. *Superior Court,* 196 Cal. 604, 613 [238 Pac. 926].) This court has original jurisdiction, conferred by the Constitution, to issue writs of mandate.

(Const., art. VI, sec. 4.) As we are of the opinion that the license issued by respondent State Board of Equalization to the California Avenue Pharmacy, to sell intoxicating liquor in Palo Alto and within one and one-half miles of the grounds and campus of Leland Stanford Junior University, should be canceled and annulled, let a writ of mandate issue forthwith requiring the respondent board to cancel and annul the same.

Shenk, J., Preston, J., Seawell, J., Thompson, J., and Curtis, J., concurred.

Rehearing denied.