[Civ. No. 7261.   Third Dist.   June 27, 1946.]

THOMAS F. CAMP, Petitioner, v. A. A. BROCK, as Director of Agriculture, etc., Respondent.

Clarence N. Riggins for Petitioner.

Robert W. Kenny, Attorney General, and Paul M. Joseph, Deputy Attorney General, for Respondent.

PEEK, J.—This is an original proceeding by which petitioner seeks to review the action of the respondent director in denying petitioner's application for a license as a processor of farm products as that term is defined by section 1299.18(d) of the Agricultural Code of the State of California.

In substance the petition alleges that petitioner is an applicant for a license as provided in said section, and has complied with the provisions of section 1300.1 of said code; that an order to show cause was issued to petitioner commanding him to appear before the Assistant Chief of the Bureau of Market Enforcement, State Department of Agriculture, and to show cause, if any, why his application for said license should not be denied; that at the hearing evidence was introduced by both parties, and thereafter respondent director entered his order denying petitioner's application; that the denial of said application was "arbitrary, capricious, and an abuse of discretion," in that there was a total lack of evidence to support the order; that said respondent acted upon information not introduced in evidence and which was contained in office files in the office of said respondent; that evidence was received of another proceeding wherein the processor's license of the Dried Fruit Distributors of California, a corporation, was suspended for failure to pay for fruit purchased from growers; that petitioner was an officer of said corporation but was not personally liable for its debts, nor was any fault or dishonest act in relation to the operations of said corporation shown to have been attributable to petitioner; and that all of said evidence was introduced over petitioner's objection and without opportunity on his part to examine said records or to cross-examine witnesses.

By his demurrer respondent challenges the issuance of the writ prayed for primarily upon the ground that, as he was not exercising judicial powers, therefore a writ of review may not issue even though specifically provided for by statute, in this case section 1300.5 of the Agricultural Code.

The answer and return of respondent in effect denies all material allegations contained in said petition. As a part of said return he has filed with this court a transcript of the record and proceedings relative to the application of petitioner, which includes, among other things, a transcript of the evidence and the proceedings wherein the license of said Dried Fruit Distributors was suspended, which proceedings were held before a hearing officer of the respondent director,

at the city of Santa Rosa, on August 9, 1940, and certain papers and documents in a file of the Bureau of Market Enforcement of said Department of Agriculture in reference to petitioner herein.

Even assuming that the jurisdictional grounds raised by respondent would be valid under other circumstances, a determination of that question becomes entirely immaterial to the present controversy. The substance of the allegations of said petition is that respondent breached his duty in arbitrarily and capriciously denying petitioner's application for a processor's license. Pursuant to such averments, and with the complete record of the proceedings before us, there would appear to be no reason why this court should not entertain the petition and determine whether or not petitioner is entitled to the relief sought. (*Board of Trustees* v. *State Board of Equalization*, 1 Cal.2d 784 [37 P.2d 84, 96 A.L.R. 775].) Therefore, under the facts and circumstances so presented, we have concluded to dispose of this matter under the provisions of article VI, section 4, of the Constitution, vesting in this court original jurisdiction to issue writs of mandate, and to consider said petition as and for a writ of mandate.

The "findings and order" herein which appear to be in the nature of a memorandum opinion are quite lengthy, and it would serve no useful purpose to detail the matters therein contained. Suffice it to say that in one respect, at least, said "findings" are supported by the evidence, viz., that petitioner, by his own admission, violated the act by operating as a processor or processor's agent during the year 1945 without having first obtained a license to do so. Since such conduct alone is, within the discretion of the director, a ground for denying a license (Agr. Code, §§ 1300.1, 1300.4a), we cannot say that his action in so doing was arbitrary or capricious, even though in other respects the order could not be sustained.

By this we have reference in particular to the following language contained in said memorandum: "As this decision is written this Department, taking official notice of its own acts, observed and notes that there is now pending before the Superior Court of the State of California, in and for the County of Napa, a certain criminal proceeding entitled 'The People of the State of California, Plaintiffs, v. Thomas Camp, Defendant, Case No. 1556.'" And again, near the end of said

memorandum, appears the reiteration: "and that criminal proceedings are now pending against him on that point."

Although no mention of these statements by said hearing officer is made in the petition, nevertheless counsel for petitioner strongly attacked the same at the time of oral argument before this court.

Certainly mere accusation of a crime should never be countenanced as a reason for depriving a person, otherwise qualified, of his right to engage in any lawful business. The patent injustice of any other rule is well illustrated by the fact that in the present case the petitioner subsequently was acquitted of the charge referred to by said hearing officer.

We also have mentioned petitioner's charge that the respondent director acted upon information contained in his files and not introduced in evidence. Were it the fact that the order herein was based solely on such information, we should be required to set aside the same under the authority of *La Prade* v. *Department of Water & Power,* 27 Cal.2d 47, 51 [162 P.2d 13]. However, it does not appear that such was the situation here. While the record before us contains a file of the department consisting of various reports concerning the petitioner's activities, there is nothing in the record to show that the respondent based his order on said information.

In his points and authorities accompanying the petition herein, petitioner further attacks the constitutionality of the pertinent provisions of the Agricultural Code. However, on oral argument petitioner states that, having examined the adjudicated decisions cited by respondent on this point, he is content to waive this issue; and accordingly we shall not deal with it.

■ With regard to alleged error on the part of the hearing officer in admitting in evidence a transcript of a prior proceeding between fruit growers and the processor corporation of which petitioner was vice-president and general manager, it may be said, first, "that proceedings of this character are not governed by the strict rules of evidence or procedure that obtain in court trials" (*Traxler* v. *Board of Medical Examiners,* 135 Cal.App. 37, 40 [26 P.2d 710], citing *Suckow* v. *Alderson,* 182 Cal. 247, 251 [187 P. 965], and *Lanterman* v. *Anderson,* 36 Cal.App. 472, 478 [172 P. 625]); second, having read the transcript and having in mind the essential elements of the alleged violations of the Agricultural Code, we believe, as did the court in the Traxler case, *supra,*

at page 41, that there was introduced before the hearing officer ''sufficient testimony properly admissible to sustain the finding that was made.''

The writ is discharged.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied July 27, 1946.