[Civ. No. 7266.   Third Dist.   June 27, 1946.]

ALBERT ALBEK, INC. (a Corporation), Petitioner, v. A. A. BROCK, as Director of Agriculture, etc., Respondent.

Albeck & Albeck for Petitioner.

Robert W. Kenny, Attorney General, and Paul M. Joseph, Deputy Attorney General, for Respondent.

THOMPSON, J.—In a petition for a writ of review it is alleged that the Director of Agriculture, without acquiring jurisdiction and without a hearing, arbitrarily denied petitioner's application under section 1300.1 of the Agricultural Code for a processor's license to handle and process farm products.

The petition alleges that petitioner "held a limited processor's license" on October 19, 1944; that, on November 30, 1944, a verified complaint was filed under section 1300.3 of the Agricultural Code to cancel the license for violation of the statute; that upon a hearing of said charges oral and documentary evidence was adduced and said proceeding was concluded and submitted for determination on July 11, 1945; that, because the last mentioned section was amended by the Legislature in 1945 (Stats. 1945, p. 1057), "eliminating restricted processor's licenses," the petitioner "surrendered his limited processor's license . . . and respondent did, on the 15th day of September, 1945, cancel the same," and that petitioner held no license after that date. The respondent's answer admits those allegations, from which it must be inferred petitioner held no license after the last mentioned date. A motion to dismiss the proceedings as moot was made after the surrender and cancellation of the license, but the motion was not passed upon until after findings and the order complained of was made and filed. The director did thereafter, on February 2, 1946, make an order denying the motion to dismiss.

The director adopted findings on the complaint to cancel the limited license, on January 28, 1946, determining that petitioner had violated the statute as charged by refusing to pay for farm products and by rejecting products purchased, without cause. No order was, however, then made canceling

the license. According to the pleadings in this proceeding, the license had been previously canceled by the director, at the time when it was surrendered. Since the license which was the subject of investigation, had been surrendered and canceled, it would appear that the findings became ineffectual in that proceeding. But that is immaterial.

We infer from the order of the director that, subsequent to the cancellation of its license, petitioner filed with the department a new application for an unlimited processor's license. The only order which the director made pursuant to the findings which were adopted is the following:

"In accordance with the above findings, and good cause appearing,

"It Is Ordered:

"That the application by respondent for Processor's License, as said application is now on file with said Director of Agriculture, be and the same is hereby denied."

The petition alleges that the director, without jurisdiction and without a hearing, arbitrarily denied the subsequent application for an unlimited license. It is not contended that a hearing was had upon the new application for license. It is not claimed that the application for a new license did not conform in every respect to the requirements of section 1300.1 of the Agricultural Code as amended in 1945. Section 1300.4a of that code, as amended in 1945, properly contemplates a hearing upon the application for a license, as it does for the revocation or suspension thereof. That section now reads, in part:

"The director *may refuse to grant a license* and may revoke or suspend any license, as the case may require, when *after a hearing as herein provided* he is satisfied of the existence of any of the following facts, the existence of which is hereby declared to be a violation of this chapter: . . ." (Italics added.)

It may not be contended that the application for a new unlimited license was an issue or that it was properly included in the proceeding to cancel the former limited license for alleged violation of the statute. The new application was a separate and distinct proceeding from the investigation for cancellation of the old license, especially since the application was filed after the former license had been surrendered and canceled. It follows that the director was without jurisdiction

to deny the independent application for license without a hearing.

We assume that the denial, without a hearing, of an application in due form for license clearly infers a lack of jurisdiction. The case of *Redlands High School District* v. *Superior Court*, 20 Cal.2d 348, 360 [125 P.2d 490], upon which the respondent relies, is not in point. In that case, upon certiorari, it was held that the rendering of judgment without evidence *of the filing of a claim* against the school board, was not jurisdictional, but that it was a mere error of procedure which might be waived by failure to demur to the complaint or to object to evidence on that ground. There is a clear distinction between that case and the present procedure of denying an application for license without a hearing which is specifically required by the statute.

■ When a statute authorizes an officer, board or tribunal to grant or refuse licenses to conduct businesses, ''after a hearing,'' as it does in section 1300.4a of the Agricultural Code, it contemplates a fair and impartial hearing of the application therefor with an opportunity for the petitioner to present competent evidence upon that application. (*Carroll* v. *California Horse Racing Board*, 16 Cal.2d 164 [105 P.2d 110] ; *Martin* v. *Board of Supervisors*, 135 Cal.App. 96, 100 [26 P.2d 843] ; *Irvine* v. *State Board of Equalization*, 40 Cal. App.2d 280 [104 P.2d 847] ; 33 C.J. § 138, p. 548.) In the Martin case, *supra*, in which a writ of mandate was issued directing the Board of Supervisors of Lake County, to grant a hearing to the petitioner for a liquor license, it was said that while such hearings before licensing tribunals are not required to be conducted with all the formality of a court, nevertheless, ''This informality . . . does not justify the denial of a hearing, or the refusal to permit a fair presentation of the petitioner's claim, or the arbitrary denial of a license,'' without a hearing.

■ In the present case there was no hearing on the petition for the new unrestricted license. That application was not an issue in the previous proceeding to revoke the old license for alleged violations of the statute. While the director may have been warranted in denying the motion to dismiss that proceeding as moot after the surrender and cancellation of the license under investigation, because it involved interests of a public character (*Van De Vegt* v. *Board of Commissioners*, 98 Colo. 161 [55 P.2d 703, 710] ; *Rattray* v. *Scudder*, 67 Cal.

App.2d 123, 127 [153 P.2d 433] ), that proceeding did not serve as a hearing upon the subsequent independent application for an unrestricted license. The petitioner had no warning or notice that its new application would be considered as involved in that proceeding. It reasonably assumed that its motion to dismiss the proceeding as moot would be granted, since the license under investigation had been surrendered and canceled. It might therefore have been induced to submit the cause without available evidence satisfactorily showing that it was entitled to the new license.

While, as urged by respondent, it is the established rule in this state that the proceedings of a statewide administrative agency cannot, in the absence of constitutional authorization, be reviewed by certiorari (citing *Standard Oil Co.* v. *State Board of Equalization*, 6 Cal.2d 557 [59 P.2d 119] ; and *Laisne* v. *California State Board of Optometry*, 19 Cal.2d 831 [123 P.2d 457]), it is equally well settled that where the record and circumstances permit, an application for a writ of review may be considered as an application for a writ of mandate. (*Board of Trustees* v. *State Board of Equalization*, 1 Cal.2d 784, 787 [37 P.2d 84, 96 A.L.R. 775].) Such being the situation presented herein, we have, under the authority vested in this court by article VI, section 4, of the Constitution, entertained the within petition as one for a writ of mandate.

For the foregoing reason that it appears without conflict that the petitioner's application for a license as a processor was arbitrarily denied by the respondent without affording him the formality of a hearing, we are of the opinion that the writ of mandamus should issue.

The writ is therefore granted, directing said respondent director to grant petitioner a hearing and to afford him the opportunity of presenting competent evidence thereat in support of his application for said processor's license.

Adams, P. J., and Peek, J., concurred.