[L. A. No. 24522. In Bank. June 21, 1957.]

JOHN DYSON POWELL, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Gladys Towles Root, Eugene V. McPherson and Joseph A. Armstrong for Petitioner.

William B. McKesson, District Attorney (Los Angeles), Jere J. Sullivan, Fred N. Whichello and Lewis Watnick, Deputy District Attorneys, for Respondent.

SCHAUER, J.—Petitioner seeks by prohibition to restrain respondent court from proceeding with the trial of petitioner under an indictment charging him with the embezzlement of public funds. ██ Although a stay of proceedings granted on the order to show cause issued by the District Court of Appeal, Second Appellate District, Division Two, when the petition for the writ was before that court, was automatically continued in effect upon the granting of a hearing by this court, we nevertheless issued our order expressly continuing such stay, because of apparent uncertainty on the part of counsel and the trial court as to its continued effectiveness. We have concluded that although in seeking prohibition to stay his trial petitioner has mistaken his remedy, he has nevertheless made out a case entitling him to mandamus to compel the pretrial inspection of certain documents hereinafter specified.

As grounds for relief, petitioner alleges the denial by the trial court of his motion for an order authorizing petitioner and his attorney to inspect and make copies of a signed statement of petitioner made in the office of a chief of police and "also for the typewritten transcript of the tape recording made" some five days later in the same police office. It is further alleged in the petition for the writ that the motion "was supported by affidavits of your petitioner and his attorney, which contained allegations that the defendant was not able to recall, nor was he able to relate to his attorney the things contained in the aforesaid statements. That such documents may be necessary for the defendant [petitioner] to refresh his recollection; that the evidence contained in the statements is material to the issues of liability, if any, of the defendant, and that the statements . . . would be admissible at the time of trial, and that no copies of the above statements have been given to the defendant. . . . No affidavits were filed on behalf of the District Attorney or the Chief of Police . . ." Petitioner further alleges, and respondents

admit,[1] that the motion was denied on the ground, among others, that in a criminal proceeding the accused is not entitled to a pretrial inspection of his written confession.

Respondents also "admit that the evidence contained in the statements is material to the issues of the said case . . . and would be admissible at the time of trial . . . as evidence on behalf of the People . . . as constituting confessions or admissions; admit that no copies of the said statements have been given to petitioner . . ." but "deny [on lack of information or belief] that such or any documents may be necessary for petitioner to refresh his recollection."

In *People* v. *Riser* (1956), 47 Cal.2d 566, 584-586 [305 P.2d 1], defendant, accused of two homicides, moved before trial for an order directing the prosecution to allow him to inspect statements made to police by certain witnesses immediately after the homicides. The motion was denied. During the trial defendant caused a subpoena duces tecum to issue commanding production of the originals of the same statements, one of which had already been referred to by a witness on cross-examination; on motion of the prosecution the subpoena was vacated on the ground that the statements were inadmissible as evidence. On appeal this court, holding (p. 588) that the trial court's view as to admissibility of the statements was without support and that it was error to vacate the subpoena, stated that (pp. 585-586), "Originally at common law the accused in a criminal action could not compel production of documents or other evidence in the possession of the prosecution. [Citation.] Production was denied before trial on the ground that to compel the prosecution to reveal its evidence beforehand would enable the defendant to secure perjured testimony and fabricated evidence to meet the state's case. It was felt, furthermore, that to allow the defendant to compel production when the prosecution could not in its turn compel production from the defendant because of the privilege against self incrimination would unduly shift to the defendant's side a balance of advantages already heavily weighted in his favor. [Citations.]

"Whatever the force of these arguments when directed to pretrial discovery, they have little or no application when production is sought by subpoena during trial of statements referred to on cross-examination. . . . The decisions of this court have always impliedly recognized that on a proper

---

[1]As herein used, the term respondents refers to both respondent court and the district attorney of Los Angeles as the real party in interest.

showing a defendant in a criminal case can compel production when it becomes clear during the course of trial that the prosecution has in its possession relevant and material evidence. . . . Absent some governmental requirement that information be kept confidential for the purposes of effective law enforcement, the state has no interest in denying the accused access to all evidence that can throw light on issues in the case. . . . To deny flatly any right of production on the ground that an imbalance would be created between the advantages of prosecution and defense would be to lose sight of the true purpose of a criminal trial, the ascertainment of the facts. [Citations.]'' It is, of course, statutory law in California that a defendant be provided with a transcript of the evidence taken by a grand jury. (Pen. Code, § 925.)

In the circumstances of the present case, to deny inspection of defendant's statements would likewise be to lose sight of the objective of ascertainment of the facts, and would be out of harmony with the policy of this state that the goal of criminal prosecutions is not to secure a conviction in every case by any expedient means, however odious, but rather, only through establishing the truth upon a public trial fair to defendant and the state alike. In the recent case of *Dowell* v. *Superior Court* (1956), 47 Cal.2d 483 [304 P.2d 1009], this court granted mandamus to compel inspection prior to trial of a personal injury action, of a statement taken from plaintiff in the hospital by defendant company's claims investigator the day after plaintiff had been injured. There, as here, plaintiff averred that he had forgotten what he had said in the statement. In holding that he was entitled to inspect and take a copy of the statement this court noted that the '' 'trend of judicial decisions is to relax the rules which relate to the taking of evidence by ancillary proceedings of which the inspection of documents is one method . . .' [Citations.],'' and commented further ''that the principles of equity enter into the determination of an application for discovery and also in a mandamus proceeding to compel appropriate action.'' (P. 486 of 47 Cal.2d.)

Although in the Dowell case it was further held that application for inspection was authorized by section 1000 of the Code of Civil Procedure, which has been held inapplicable to criminal proceedings (*People* v. *Wilkins* (1955), 135 Cal.App.2d 371, 377-378 [4] [287 P.2d 555]; *People* v. *Ratten* (1940), 39 Cal.App.2d 267, 271 [3] [102 P.2d 1097]; see also *Gonzales* v. *Superior Court* (1935), 3 Cal.2d 260, 262-

263 [44 P.2d 320]), it nevertheless is a widely recognized rule that application for pretrial inspection of a signed confession or admission or transcript of statements of an accused may be made by the latter and is addressed to the sound judicial discretion of the trial court, which has inherent power to order such an inspection in the interest of justice. (See *State* v. *Cicenia* (1951), 6 N.J. 296 [78 A.2d 568, 570-571 [6]] ; *Shores* v. *United States* (1949), 174 F.2d 838, 844.) In the Cicenia case the court quoted and adopted the rule and the reasoning, with respect to the confession and statements of defendant himself, expressed in *State* v. *Haas* (1947), 188 Md. 63 [51 A.2d 647, 653], as follows: "There can be no doubt that the recognition of the right in a trial court to permit the defendant to examine his confession in advance of the trial was not recognized at common law. But law is a growth and a great many matters, commonplace to us now, were not thought of many years ago. . . . [T]he tendency in the courts of this country is to permit discretion in the trial judge. The argument made against any such discretion is based upon a fear that the State, which is charged with the prosecution of crime, may be hampered in its duty by the disclosure of its evidence to those charged with offenses. Whatever merit that argument has as applied to a situation where it is contended that the accused has a *right* to inspect the evidence, it has no application, we think, to a situation where the trial judge in each case and on each application, determines what should be done in the interest of justice. There are cases in which it would be clearly unjust to deny such an application and, on the other hand, cases are conceivable in which it might improperly hamper the prosecution to grant such an application." (See also *State* v. *Murphy* (1923), 154 La. 190 [97 So. 397, 402] ; *United States* v. *Rich* (1922), 6 Alaska 670, 672; *People* v. *Gerold* (1914), 265 Ill. 448 [107 N.E. 165, 174, Ann.Cas. 1916A 636] ; *Cloniger* v. *State* (1922), 91 Tex.Crim. Rep. 143 [237 S.W. 288, 290] ; *Sprinkle* v. *State* (1925), 137 Miss. 731 [102 So. 844].)

And in *State* v. *Tippett* (1927), 317 Mo. 319 [296 S.W. 132, 135], it was held that defendant, who was charged with leaving the scene of an accident without stopping and giving his name and residence and without reporting to authorities after his automobile struck and killed another, was entitled to inspect a statement relative to the accident given to the prosecution by one Tucker. The court there stated: "This was a document, and, provided it tended to impeach Tucker,

was admissible on the part of defendant for that purpose. The general rule denying the inspection of documents in the hands of an adverse party has been greatly relaxed in modern cases. In civil cases an inspection of documents in the hands of opposing parties, such as papers, contracts, and corporation records, upon motion, have been allowed. The cases seem to hold that it is a matter of indifference whether the document to be examined may be of actual benefit to the party filing the motion to inspect. If from the motion the document may be material, the right of inspection obtains. In the instant case the request for inspection relates to a statement given by Tucker relative to Fitzpatrick losing his life. . . . The motion then shows that the statement may be material. We are unable to perceive why the privilege should not obtain in a criminal case . . . The prosecuting attorney is both an officer of the state and of the court, and his duty extends no further than an impartial, fair, and just trial of defendant. . . . That it was desired that the state's evidence remain undisclosed, partakes of the nature of a game, rather than judicial procedure. The state in its might and power ought to be and is too jealous of according a defendant a fair and impartial trial to hinder him in intelligently preparing his defense and in availing himself of all competent material and relevant evidence that tends to throw light on the subject-matter on trial.''

 The case for inspection is thus at least as strong[2] in the present instance as in *Dowell* v. *Superior Court* (1956), 47 Cal.2d 483 [304 P.2d 1009]. We conclude that petitioner has presented adequate reasons for ordering the issuance of mandamus.

Let a peremptory writ of mandamus issue requiring the respondent court to set aside its order denying the petitioner an inspection of the documents in question and to issue an appropriate order of inspection with the right to take copies as sought.

Gibson, C. J., Shenk, J., Carter, J., Traynor, J., Spence, J., and McComb, J., concurred.

---

[2]Here petitioner makes the allegation (absent in the Dowell case), that the documents he seeks ''may be necessary . . . to refresh his recollection.''