[Civ. No. 18244. First Dist., Div. Two. June 11, 1958.]

THOMAS WALLACE CORDRY III, Petitioner, v. THE SUPERIOR COURT OF SANTA CLARA COUNTY, Respondent; LOUIS P. BERGNA, as District Attorney, etc., Real Party in Interest.

John A. Pettis, Jr., and Alan A. Lindsay for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Richard S. L. Roddis, Deputy Attorney General, for Respondent and Real Party in Interest.

DRAPER, J.—Petitioner is charged with murder. Shortly after he surrendered himself to the Palo Alto Police Department, he made statements to law enforcement officers. He alleges, on information and belief, that these statements were reduced to writing and are in the possession of the district attorney. These allegations are not denied. It is not con-

tended that petitioner signed any statement. Petitioner applied to respondent court for leave to inspect these statements. His affidavit alleges that "I cannot recall the contents of said statement or statements," cannot "relate to my attorneys" the contents thereof, and need them "to refresh my recollection of their contents." Counteraffidavits of a captain of detectives and of the administrative assistant to the district attorney admit the taking of statements. They allege that when petitioner made his statements "his recollection seemed very clear as to all of the events involved in said crime." Both allege that petitioner's attorney has never stated that petitioner had any trouble recalling "the facts . . . of the crime," and the representative of the district attorney also alleges that defense counsel has never stated that his client "did not remember . . . the contents of the statement."

This case is governed by the rule of *Powell* v. *Superior Court,* 48 Cal.2d 704 [312 P.2d 698], but the prosecution seeks to distinguish that decision upon two grounds.

■ First, it is argued that *Powell* applies only where a defendant lacks memory of the facts about which he made his statements, as distinguished from the contents and language of the statements. But in *Powell,* defendant alleged that he could neither recall nor relate to his attorney "the things contained" in the statements. Clearly the test there applied concerned defendant's recollection of the contents of his statements, rather than his memory of the facts to which the statements were addressed. In the case at bar, the prosecution has asserted only that defendant's attorney has not complained that his client cannot remember the facts or the contents of his statements. Thus no fact issue was raised as to the determinative issue, and, as in *Powell,* there is no implied finding by the trial court upon conflicting evidence.

The prosecution next contends that *Powell* merely requires the exercise of discretion by the trial court. It is argued that the trial court there mistakenly assumed that it had no power to grant the right of inspection, and that the Supreme Court held only that there was error in this refusal to exercise discretion. In our case, it is contended, the trial court did exercise its discretion. But in *Powell* the case was not remanded for exercise of discretion by the trial court. Rather, writ of mandate issued, requiring the court to order inspection. As we have pointed out, the essential fact—lack of memory of the contents of the statements—is not denied in the case at bar. It follows that the rule of *Powell* governs.

We are well aware that "cases are conceivable in which it might improperly hamper the prosecution" to grant inspection of confessions or statements. (*Powell* v. *Superior Court, supra,* p. 708.) But no facts alleged in the affidavits purport in any way to bring this case within that classification.

We give no consideration to petitioner's claim that the statements are needed for submission to a psychiatrist for determination of petitioner's mental condition at the time of the offense alleged. No plea of not guilty by reason of insanity has been made, and the request for reservation of the right to enter such plea has been withdrawn. Of course, such a plea may later be entered, with leave of court, but we are satisfied to rest our decision upon the authority of *Powell* v. *Superior Court, supra.*

Let a peremptory writ of mandate issue, requiring respondent court to set aside its order denying inspection and to issue an order for inspection of the written records of all statements by petitioner to law enforcement officers of Santa Clara County made before March 31, 1958, with the right to make copies thereof.

Kaufman, P. J., and Dooling, J., concurred.

A petition for a rehearing was denied July 11, 1958, and the opinion and order were modified to read as printed above. The petition of respondent and the real party in interest for a hearing by the Supreme Court was denied August 6, 1958.