[Civ. No. 18182.   First Dist., Div. Two.   Aug. 12, 1958.]

NATHANIEL CASTIEL, Petitioner, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent; THE PEOPLE, Real Party in Interest.

Glassman & Rose and Harry P. Glassman for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Arlo E. Smith, Deputy Attorney General, Thomas C. Lynch, District Attorney, and Cecil Poole, Deputy District Attorney, for Respondent and the Real Party in Interest.

DOOLING, J.—Petitioner is the defendant in the case in which a previous judgment of conviction was reversed by this court in *People* v. *Castiel,* 153 Cal.App.2d 653 [315 P.2d 79]. The conviction in that case was reversed on the sole ground that the defendant (petitioner herein) is entitled to the dis-

closure of the name of the informer who had been a participant in the crimes which petitioner was charged with committing. The Supreme Court denied a hearing in that appeal and our opinion has now become the law of the case, establishing that petitioner is entitled to the disclosure of the unidentified informer's name and cannot be legally convicted if that information is denied to him.

The case was set for a second trial. In advance of the trial the petitioner made a motion before the trial court that the court order the district attorney to disclose the name and present whereabouts of the informer. The court denied this motion and petitioner filed his petition for writ of mandate in this court.

It is conceded by counsel for the respondent that under our previous decision the identity of the informer must be disclosed at the time of trial if the petitioner is brought to trial again. Theirs is a delaying action only, designed to conceal from petitioner the information to which he is admittedly entitled to the last possible moment and thus to handicap him as much as possible in the preparation of his defense.

It is now well settled that in a proper case the disclosure of matters which are material and substantial to the preparation of an adequate defense may be compelled in advance of the trial. (*Powell* v. *Superior Court,* 48 Cal.2d 704 [312 P.2d 698]; *Walker* v. *Superior Court,* 155 Cal.App.2d 134 [317 P.2d 130]; *Cordry* v. *Superior Court,* 161 Cal.App. 2d 267 [326 P.2d 222].) Herein it has become the law of the case by our previous decision that the disclosure of this informer's identity is material and substantial to an adequate defense. Under the circumstances of this case, and we need not and do not go beyond the circumstances of the precise case before us, with petitioner's right to the disclosure of the informer's identity established by our earlier decision as a matter of law, we would stultify ourselves and make a mockery of petitioner's judicially established right by holding that he is not now entitled to the information that he seeks in order to adequately prepare his defense.

The writ of mandate will issue as prayed.

Kaufman, P. J., and Draper, J.. concurred.

A petition for a rehearing was denied September 11, 1958, and the petition of respondent and the real party in interest for a hearing by the Supreme Court was denied October 10, 1958.