332 P.2d 390]

[Civ. No. 18218. First Dist., Div. Two. Dec. 10, 1958.]

ROBERT T. DeLOSA, Petitioner, v. SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, Respondent.

(1)

Edward T. Mancuso, Public Defender (San Francisco), and Waldo F. Postel, Jr., Deputy Public Defender, for Petitioner.

Stanley Mosk and Edmund G. Brown, Attorneys General, Clarence A. Linn, Chief Assistant Attorney General, Arlo E. Smith, Deputy Attorney General, Thomas C. Lynch, District Attorney, and Cecil Poole, Deputy District Attorney, for Respondent.

DOOLING, J.—The petitioner herein is the defendant in the superior court under a grand jury indictment charging him with the sale and possession of narcotics. The only testimony before the grand jury, except that of the chemist who analyzed the exhibit and testified to its narcotic character, was given by one witness who testified that he gave $40 to a "confidential agent," that in his presence the confidential agent gave this money to petitioner, and that later in his presence the petitioner handed the exhibit to the confidential agent.

Petitioner moved the superior court to order the prosecution to furnish him with the name of the confidential agent in advance of trial or to dismiss the indictment. His motion was denied and petitioner asked us for a writ of prohibition to prohibit the trial court from proceeding further with his prosecution. We elected to treat the petition as one for mandamus. (*Powell* v. *Superior Court,* 48 Cal.2d 704 [312 P.2d 698]; *Caminetti* v. *Superior Court,* 16 Cal.2d 838 [108 P.2d 911]; *Board of Trustees* v. *State Board of Equalization,* 1 Cal. 2d 784 [37 P.2d 84, 96 A.L.R. 775].)

We deferred submission of the case to await the ruling of the Supreme Court in certain cases then pending before it involving the basic question of the defendant's right to the disclosure of the identity of claimed confidential informers. Those cases have now been decided and in *People* v. *McShann,* 50 Cal.2d 802, 808 [330 P.2d 33], that court said that "[w]hen it appears from the evidence that the informer is a material witness on the issue of guilt and the accused seeks disclosure on cross-examination, the People must either disclose his identity or incur a dismissal."

The confidential agent in this case falls squarely within this rule. ▮ The question remains undecided whether, when it clearly and without possibility of dispute appears that the claimed confidential agent is ''a material witness on the issue of guilt,'' the defendant on timely motion is entitled to the disclosure of his identity before trial on penalty of dismissal if the disclosure is refused.

We held in *Castiel* v. *Superior Court,* 162 Cal.App.2d 710 [328 P.2d 476], that where it was the law of the case settled on appeal from a previous conviction that the People were bound to disclose the name of such a person such disclosure could be required upon timely motion in advance of a subsequent trial and the Supreme Court denied a hearing in that case. We can see no logical distinction between that case and this in which the defendant's right to the disclosure is equally clear as a matter of law. The effect of delaying the disclosure until cross-examination at the time of trial is to put defendant to the disadvantage of a shorter time in which to attempt to locate and interview the witness and to create the necessity of granting him a reasonable continuance for that purpose with the attendant delay and inconvenience to jury, court and counsel. Courts have frequently commented that the prosecution of criminal cases is something more than a game between lawyers and that the People should not take any unconscionable advantage in the prosecution of persons charged with crime. (See the comments in *Powell* v. *Superior Court, supra,* 48 Cal.2d p. 709.)

The People argue that the defendant should support his motion by a showing that he does not know the identity of the confidential agent. The courts have imposed no such requirement on the right of disclosure on cross-examination at the time of trial, the most that has been suggested being that if the evidence clearly shows that the defendant does know the identity the error in refusing disclosure might not be prejudicial. (See *People* v. *McShann, supra,* 50 Cal.2d pp. 806, 807; *Roviaro* v. *United States,* 353 U.S. pp. 53, 60, footnote 8 [77 S.Ct. 623, 1 L.Ed.2d 639].) In Roviaro the court said that on proper motion such disclosure should be compelled in advance of the trial. (353 U.S. p. 65, footnote 15.)

A defendant can never know with certainty the person whom the witness will testify was the confidential agent to whom he referred. He should not be put to the gamble of preparing his defense on the theory that the confidential agent referred to is A when on the trial the witness may testify that it was B.

Let a peremptory writ issue directing the trial court to order the disclosure of the identity of the confidential agent within a reasonable time to be fixed by the court on penalty of dismissal if this is not done.

Kaufman, P. J., and Draper, J., concurred.

A petition for a rehearing was denied January 9, 1959, and respondent's petition for a hearing by the Supreme Court was denied February 4, 1959. Gibson, C. J., and Shenk, J., were of the opinion that the petition should be granted.