THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* DESIDERIO DÍAZ DÍAZ, Defendant and Appellant.

No. Cr-62–7. Decided November 16, 1962.

530

*Herminio Concepción de Gracia* for appellant.  *J. B. Fernández Badillo, Solicitor General,* and *Jenaro Marchand, Assistant Solicitor General,* for The People.

MR. JUSTICE DÁVILA delivered the opinion of the Court.

Appellant was prosecuted and convicted of involuntary manslaughter.   He ran over a minor while operating a heavy motor vehicle.   At the close of the prosecution evidence the district attorney waived part of the evidence he had to support the information.   He placed at the disposal of the defense certain witnesses whose testimony, in his opinion, constituted cumulative evidence.   Before introducing his evidence, defendant moved for production of these witnesses' sworn statements which were in possession of the district attorney. This request was denied.

The first defense witness was one of those waived by The People.   He was a state policeman who conducted the investigation of the case before the district attorney took over.   He testified on all steps taken and on the facts observed. He was questioned specifically on the position of the truck, scratches, blood stains, etc.   The defense insisted on asking him for details of what he observed in the truck, and request was again made to the district attorney to produce the witness' sworn statement given in the course of the investigation.   The request was again denied, and in passing upon the question the judge said: "The court has decided that the district attorney is not bound to produce that document.   It has been handed to the witness and the witness is there." The judge's refusal to produce the sworn statement is assigned as error.

In *People* v. *Ribas*, 83 P.R.R. 371 (1961), decided subsequent to the trial date of this case, we held that a defendant is entitled to obtain copy of any statement given by a prosecution witness if request therefor is made after the latter has testified, on cross-examination, and if such statement bears on the facts in issue in the case before the court. Later, in *People* v. *Ramos*, 84 P.R.R. 542 (1962), the issue was whether defendant had the right to request the district attorney to deliver to him copies of the sworn statements given by the prosecution witnesses who were not called by The People and were placed at the disposal of the defense. We pointed out that although in that case the defense conferred with the witnesses waived by the district attorney, they were not called to the witness stand. We held that, absent the requirements stated in *Ribas*, defendant had no right to obtain copy of the statements. The same holding is contained in *United States* v. *Kabot*, 295 F.2d 848 (2d Cir. 1961), *cert. denied*, 369 U.S. 803 (1962); see ARROYO, Comments on *People* v. *Ribas*, 23 *Rev. C. Abo. P.R.* 122 (1961).

The situation in this case is different from that which we considered in *Ramos*. Here the defense called the witness waived by the district attorney as constituting cumulative evidence, and after testifying at length request was made for production of the sworn statement. The ground for our ruling in *Ribas* was that, once the prosecution witness testifies, the defense should have an opportunity to impeach his testimony on the ground that the facts previously related in the course of the investigation were inconsistent. The situation in *Ramos* was different. In *Ramos* the witnesses waived by the district attorney were not called by the defense; thus the ground on which the ruling was made in *Ribas* did not exist. If they had not testified, there was no ground for impeachment. The facts in the case at bar are different. Here the witness waived by the district attorney testified, and although he was called by the defense it is only reasonable that defendant should have an opportunity to inspect the statement

in order to ascertain whether the testimony given at the trial agrees in its essential aspects with his previous statement. This is consistent with the theory that the purpose is to ascertain the truth to further fair administration of justice. After all, "the State is not interested in presenting impediments to the knowledge of the facts and for the discovery of the truth." *People* v. *Ribas, supra.* To prevent the defense, in a situation such as this, from obtaining the witness' statement, is not consistent with the concept of justice which ought to underlie every criminal prosecution. *Powell* v. *Superior Court,* 312 P.2d 698 (Cal. 1957); 35 Wash. L. Rev. 168 (1960). There is a marked tendency to make the judicial process in criminal causes more fair and equitable. LOUISELL, *Criminal Discovery: Dilemma Real or Apparent?,* 49 Calif. L. Rev. 56 (1961); GOLDSTEIN, *The State and Accused Balance of Advantage in Criminal Procedure,* 69 Yale L. J. 1149 (1960); *Cleary, Heckman* v. *Jencks,* 14 Vand. L. Rev. 865 (1961); *Development in the Law, Discovery,* 74 Harv. L. Rev. 940, 1051 (1961).

Recently the Supreme Court of New Jersey considered a question analogous to that under consideration. *State* v. *King,* 181 A.2d 158 (1962). There the State subpoenaed a witness, but did not call her. After the State had rested this witness volunteered for the defense. The defense called her and when she was on stand she requested the sworn statement given during the investigation. In deciding the question whether the statement should be produced, the New Jersey court held that the presiding judge should first examine the statement and if it discloses information and material not testified to at the trial and which might aid the defense, the court may in its discretion permit the defense to inspect the statement. However, in *Ribas* we did not leave this determination to the judge's discretion. We held that, present the established requirements, the statement should be produced.

Consistent with the ruling adopted in *Ribas*, it seems that if the witness waived by the district attorney testifies for the defense and after testifying on the facts of the case it appears that he already gave a sworn statement to the district attorney, touching the same facts, the latter is under the duty to produce it to the defense. At the district attorney's request, the presiding judge, in situations such as that in *Ribas*, shall examine the statement before handing it to the defense in order to ascertain whether it contains information which should be kept confidential "for the purposes of an effective prosecution." *People* v. *Riser*, 305 P.2d 1 (Cal. 1956), cited with approval in *Ribas; People* v. *Rosario*, 173 N.E.2d 881 (N.Y. 1961) ; 28 Brooklyn L. Rev. 166 (1962). Should the judge so determine, he shall direct that the statement be transcribed eliminating whatever material should not be disclosed and shall then produce copy to the defense.

In view of the conclusion reached, we need not consider the other errors assigned. The judgment appealed from will be reversed and a new trial granted.