### COMMONWEALTH *vs.* HENRY C. JONES.

Berkshire. Sept. 14. — Oct. 23, 1886. DEVENS, W. ALLEN, & C. ALLEN, JJ., absent.

If a license is granted for the sale of intoxicating liquors in a certain room of a building, the location of the whole building is to be considered in determining whether it is within the "four hundred feet" of a public school-house on the same street, under the St. of 1882, c. 220, § 1.

The "four hundred feet" from a building occupied by a public school, named in the St. of 1882, c. 220, § 1, as the distance within which no license of the classes specified shall be granted for the sale of intoxicating liquors in any building on the same street, are to be determined by measuring the nearest point of each building to the other, whether they are close to the line of the street, or some distance from it.

COMPLAINT, under the Pub. Sts. c. 101, § 7, for keeping and maintaining a common nuisance, to wit, a certain tenement in West Stockbridge, used for the illegal sale and illegal keeping of intoxicating liquors, on May 1, 1884, and on divers other days and times between that day and July 5, 1884. At the trial in the Superior Court, before *Knowlton,* J., the following facts appeared :

The defendant at the time named in the complaint was licensed as an innholder, but not as a common victualler, and kept a hotel on Main Street in West Stockbridge, called the West Stockbridge House. On the same street was a school-house in which a public school was kept. The defendant occupied for the

business of said hotel parts of two buildings, one of which was wholly within the distance of four hundred feet from said school-house, and the other was adjacent to the first, and its nearest portion was distant from said school-house about three hundred and seventy feet. In this latter building, which was known as the Campbell Hotel, the defendant had a room where he kept and was accustomed to sell intoxicating liquors, under a license of the first class, in the usual form. This was the northeast room upon the first floor. No part of this room was within four hundred feet of said school-house. This building was the property of the defendant's wife, and portions of it were rented by her to tenants. Other portions which were within four hundred feet of said school-house were not used, because the defendant had no occasion to use them; but, with his wife's permission, they were in his possession for use in his hotel business when occasion might require, and in the same way as were those portions of the same building which were more than four hundred feet from said school-house.

The distance from the Campbell Hotel to the school-house, if measured in a line to the street, and thence along the street to a point opposite the school-house, and thence from the street to said school-house, was more than four hundred feet. The language of the license descriptive of the premises was as follows: "At the West Stockbridge House, northeast room, first floor, known as the Campbell Hotel, in said West Stockbridge."

Upon these facts the judge ruled that the license was void under the St. of 1882, c. 220; and, the jury having returned a verdict of guilty, the case was reported, with the consent of the defendant, to this court, for its decision of the question of law involved. If said ruling was wrong, the verdict was to be set aside and a new trial granted; otherwise, judgment to be entered on the verdict.

*H. J. Dunham*, for the defendant.

*E. J. Sherman*, Attorney General, for the Commonwealth.

GARDNER, J. This case presents the question as to the construction of the St. of 1882, c. 220, § 1, which is as follows: " No license . . . . shall be granted for the sale of intoxicating liquors in any building or place on the same street within four hundred feet of any building occupied in whole or in part by a public

school." The defendant's license authorized him to sell "at the West Stockbridge House, northeast room, first floor, known as the Campbell Hotel, in said West Stockbridge." No part of this northeast room was within four hundred feet of the school-house. But portions of the Campbell Hotel, in which was the licensed room, were within four hundred feet of the school-house.

The language of the statute is plain. It does not use the word "room," or "tenement," but "building." Its apparent object was to prevent the sale of liquor in any building on the same street with a public school-house, and within four hundred feet of it. If the defendant sold intoxicating liquors in the northeast room of the Campbell Hotel, and the Campbell Hotel was within four hundred feet of a public school-house and on the same street with it, then his license to sell intoxicating liquors in such northeast room would be no defence.

The defendant contends that the language of the statute, "building or place," should be construed to mean that, if a license limits the sale to a particular room in a building, that room is a "place," and its location is to be considered without regard to the rest of the building. We do not understand that the statute is limited to so narrow a construction. The word "place" is intended to cover the case where there is no building, but where a tent, booth, excavation in the ground, or something similar, is used for the purpose of selling liquor.

The school-house and the building containing the licensed room were on Main Street, and each had entrances from the same street. The distance from the Campbell Hotel to the school-house, if measured in a line to the street, thence along the street to a point opposite the school-house, and thence to the school-house, is more than four hundred feet. The defendant contends that this measurement should be used to determine the distance of the two buildings, under the statute. If the two buildings are situated upon the same street, that is, if they have entrances from a common street, the four hundred feet are to be determined by the distance between the two buildings, without any other measurement. The distances of the buildings from the street form no part of the distance of the buildings from each other. It is not necessary that the buildings should be situated

on the line of the same street. They may perhaps be some distance from the line of the street, with a walk leading to them, but they are situated as completely on the same street as they would be if the buildings abutted upon the line of the street. Whenever the school-house and the building in which a license is granted are situated upon the same street, whether close to the street or some distance from it, the four hundred feet between them are to be determined by measuring the nearest point of each house to the other. This will determine the distance required by the statute.

The rulings of the Superior Court were in accordance with the views we have expressed, and the entry, according to the terms of the report, must be, *Judgment on the verdict.*