have been sustained upon appeal, where substantially the same questions as to the defendant's negligence have arisen as are involved in this action. (*Van Sickel* v. *Ilsley*, 75 Hun, 537; affirmed in the Court of Appeals, 149 N. Y. 569 ; *Fox* v. *LeComte*, 2 App. Div. 61; S. C., 37 N. Y. Supp. 316.)

We think there was no error in the submission of the case to the jury, and that the judgment should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.

---

THE PEOPLE OF THE STATE OF NEW YORK ex rel. R. H. MACY & Co., Appellant, *v.* JOSEPH MURRAY and Others, Commissioners of Excise of the City of New York, Respondents.

*Excise Law — license not granted to a building having its " nearest entrance" within 200 feet of a public school — neither a promise to close an entrance, nor locking the door, is sufficient.*

Macy & Co., who had a large department store on Sixth avenue, in the city of New York, which extended from Thirteenth to Fourteenth street, the nearest entrance to which was within 200 feet of the nearest entrance to the public school building on the opposite side of the street, applied on April 24, 1895, for a storekeeper's license, they having had no license at the time of the passage of chapter 480 of the Laws of 1893. The excise board refused to give them a license.

*Held,* that a license was properly refused under section 43, chapter 401 of the Laws of 1892, as amended by chapter 480 of the Laws of 1893;

That a license could not be granted upon condition that the entrance in question should be closed, nor would it be sufficient that the relator should lock the door of the entrance and stipulate that it should remain locked;

That the "nearest entrance" of a building, the whole of which is under the control of the same firm, was the nearest street entrance, and that it was immaterial that the sale of liquors took place in rooms upon the fifth floor of the building, which rooms were more than 200 feet from the nearest entrance to the public school building.

APPEAL by the relator, R. H. Macy & Co., from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the

PEOPLE ex rel. MACY & CO. *v.* MURRAY.  67

App. Div.]        First Department, May Term, 1896.

6th day of September, 1895, quashing the relator's writ of certiorari and denying its motion for a writ of certiorari to review the action of the respondents in refusing to grant a license to the relator for the sale of strong and spirituous liquors.

The relators, having a large department store on Sixth avenue, extending from Thirteenth to Fourteenth streets in the city of New York, made application to the respondents April 24, 1895, for a store-keeper's license.    May 4 and 7, 1895, the inspectors of excise reported that the nearest entrance to the relator's store was within 200 feet of the nearest entrance to the public school building on the opposite side of the street.

The relator's premises had been licensed for two years prior to May 11, 1895.   The respondents refused to grant the relators a license, for the reason that they had no license prior to the passage of chapter 480 of the Laws of 1893, and that the nearest entrance to their store was on the same street and within 200 feet of the entrance of a building occupied exclusively as a school house, and that the respondents were of the opinion that it was not for the best interests of the community that strong and spirituous liquors should be sold in any building where dry goods or other articles of merchandise were sold and disposed of, and which was visited by women and children in large numbers, and that the respondents were satisfied in their discretion that the relator's store was not a fit and proper place to be licensed.

This writ was obtained May 29, 1895, and the order quashing it was made August 6, 1895.

*Daniel G. Thompson*, for the relator.

*Julius M. Mayer*, for the respondents.

Williams, J. :

The first reason assigned by the respondents for refusing the license was under section 43, chapter 401 of the Laws of 1892, as amended by chapter 480 of the Laws of 1893, which reads as follows :

" No person or persons who shall not have been licensed prior to the passage of this act shall hereafter be licensed to sell strong or spirituous liquors, wines, ale and beer, in any building not used for

hotel purposes and for which a license does not exist at the time of the passage of this act, which shall be on the same street or avenue and within 200 feet of a building occupied exclusively as a church or school house. The measurements shall be taken from the center of the nearest entrance of the building used for such church or school purposes to the center of the nearest entrance of the place for which an application for a license has been made."

This reason did not involve the exercise of any discretion on the part of the respondents. The statute was an express prohibition, and the respondents were not authorized to grant the relators a license at all if the facts brought the case within the terms of the statute. It appears that the measurement provided for by the statute was in this case much less than 200 feet. It was only about 66 feet. It is said, however, that the relator then offered to entirely close up the entrance to their store in question. We do not think it was within the province of the respondents to make any bargain with the relators upon this subject. The respondents were under obligation to act upon the application when made and the facts as they then existed. The entrance was not then closed, but was open and remained so after the application was made and the license was refused. The license could not have been granted upon the condition that the entrance should be closed, and there was no intention to close it except on the condition that the license was granted. The policy of the statute would seem to prohibit the construction of the statute claimed by the relators. Accessibility was not everything aimed at. It was the vicinity, the neighborhood, the surroundings of the school which the statute was enacted to protect. The Legislature may well have been unwilling to leave the matter of accession in the hands of the relators. The relators may have locked the door and stipulated to keep it so, but what was the guaranty that they would keep it so? If it be said that they would subject themselves to a revocation of the license if they failed to keep the door locked, would the Legislature be willing to trust the matter to the vigilance of the board? As long as the door was there, though locked, an element of uncertainty would be introduced. It should be held that there was an entrance so long as it was there as a means of access. Again, it is said that the entrance to which the measurement should

have been made was the entrance to the rooms and floor of the store where the sale of liquors was actually to be made, and that such sales were to be made in the rooms upon the fifth floor of the building, and it was more than 200 feet from the school house to the rooms upon that floor. No such construction can be placed upon this statute. The intention is plain. The prohibition is against the selling of liquors in any part of the building which is under the same control, where the nearest entrance to such part of the building fronting on the street is within 200 feet of the school house. If the party applying for the license had control of but a part of the building, the entrance referred to in the statute as the nearest would be an entrance into such part of the building from the street, though it might not be the nearest entrance to some other part of the building occupied by some other party. But where, as here, the whole building was under the control of one firm, who were carrying on therein one general business, the measurement must be to the nearest entrance from the street to any part of the building. It will not do to say that a license could be properly granted for a building in close proximity to a school house, provided that the sale of liquors was confined to some room or part of the building which was at least 200 freet from the entrance to the school house. This principle here determined was decided under a similar statute of Massachusetts in *The Commonwealth* v. *Jones* (142 Mass. 573).

We conclude that the license was properly refused for the first reason assigned by the respondents, and it is unnecessary, therefore, to consider or discuss the remaining reason assigned.

The writ was properly quashed and the order appealed from should be affirmed, with costs.

Van Brunt, P. J., Barrett, Rumsey and Patterson, JJ., concurred.

Order affirmed, with costs.