NEWPORT MOTOR INN, INC. *vs.* JAMES O. MCMANUS, *Liquor Control Adm'r.*

JUNE 12, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

FROST, J. This is a petition for a writ of certiorari to review a decision of the respondent liquor control administrator denying the petitioner's appeal from a decision of the board of license commissioners of the town of Middletown which denied its application for a class B alcoholic retail beverage license. In compliance with the writ the pertinent papers have been certified to this court.

It appears that petitioner, a Rhode Island corporation, is the owner of a large tract of land in the town of Middletown on which it has erected a certain building or place numbered 936 West Main Road and known as Newport Mo-

tor Inn; that it is engaged in the motel business, so called, whereby it offers to the general public lodgings, restaurant, dining and recreational facilities; that the premises are situated on the westerly side of West Main Road; and that ingress and egress are had over a driveway extending westerly to the inn.

It also appears that the premises are opposite a lot of land on the easterly side of West Main Road, on which is located a place of worship known as St. Lucy's Church which is set back from the road a distance of 95 feet.

It appears further that petitioner applied for a class B alcoholic retail beverage license to the board of license commissioners; that at a hearing thereon a trustee of St. Lucy's Church Corporation objected to the granting of the application on the ground that petitioner's premises were too near St. Lucy's Church and to a school which the church planned to build within a period of three years; and that thereafter the board denied the application.

Following the decision an appeal was taken to the liquor control administrator who, after a hearing, denied the appeal. The reason for both denials appears to have been the nearness of petitioner's building to the church. The statute governing this distance is G. L. 1956, §3-7-19, the pertinent part of which reads as follows: "Retailer's class B, C, and I licenses under this chapter shall not be issued to authorize the sale of beverages in any building or place * * * within two hundred (200) feet measured by any public way of the premises of any public or parochial school or of a place of public worship."

The issue is what is the correct method of measuring the distance between petitioner's building or place and the church.

It appears that West Main Road is 66 feet in width; that St. Lucy's Church is on the easterly side and almost directly opposite No. 936 West Main Road, the entrance by private way to the Newport Motor Inn; and that the building con-

stituting the inn and where liquor would be dispensed is 574 feet westerly of the westerly line of West Main Road at the end of a private way.

The petitioner points out that while the word "premises" is used in connection with a school or place of public worship, it is not used in connection with a building or place where liquor is to be sold, and therefore concludes that the land surrounding a building or place is not to be considered as forming any part of the building or place. In our opinion no significance can be attached to the fact that "premises" is not mentioned with "building or place" where liquor is to be dispensed. School buildings very commonly have yards attached to them and children spend a part of the school hours in the schoolyard in what is frequently supervised play, while the building where liquor is sold more often adjoins the highway itself.

In *Rice, Atty. Gen. ex rel. v. Board of License Comm'rs,* 36 R. I. 50, which involved the question of the proper rule for measuring the distance between a building licensed to sell liquor and the premises of a school under a statute substantially similar to that in the instant case, it appeared that the building licensed was located at the corner of Cross and High streets in the city of Central Falls with entrances on both streets. Southerly on High street and on its easterly side was a lot of land on which a church building had been built, the upper part being used for a church and the basement for a school. The children were not allowed to play on the entire land surrounding the church but only on the easterly portion which was reached from High street by a private way. The court found that the licensed building was within 200 feet measured by a public traveled way of the premises of the school; that is, the court measured from a point on the easterly side of High street opposite the southwest corner of the licensed building southerly a distance of 200 feet to a point just beyond the entrance to the path leading to the entrance to the church. This meas-

urement brought the driveway leading from High street to the portion of the churchyard used by the children, which the court found to be a part of the school premises, within the distance of 200 feet.

In *People* v. *Schneider,* 170 Mich. 150, it appeared that a statute had been passed that no license should be issued to establish a new saloon "having its front entrance within four hundred feet along the street line from the front entrance of a church or public schoolhouse * * *." The court decided that the distance along the street line from the front entrance of a church to the front door of a saloon was found by taking the dividing line between private property and the highway, as recognized by building and by public travel, as the line to be measured, that is, from a point in such street line nearest to the front entrance of the saloon to a point in such line nearest to the front entrance of the church; the distance from such street line to the door of either structure is not to be measured.

*Commonwealth* v. *Jones,* 142 Mass. 573, was a case where it was necessary for the court to decide whether the place where liquor was sold was within 400 feet of a public schoolhouse. The defendant ran a hotel occupying two buildings for that purpose. One building was clearly within 400 feet of a schoolhouse located on the same street. Liquor was sold in a room in the second building which room was more than 400 feet from the schoolhouse although the entire building was not that distant. The pertinent portion of the law reads: " 'No license * * * shall be granted for the sale of intoxicating liquors in any building or place on the same street within four hundred feet of any building occupied in whole or in part by a public school.' "

The defendant contended that a room was a place and that this place was more than 400 feet from the schoolhouse but the court held, "The word 'place' is intended to cover the case where there is no building, but where a tent, booth,

excavation in the ground, or something similar, is used for the purpose of selling liquor."

Both the building where liquor was sold and the schoolhouse were on Main street in West Stockbridge and each had entrances from the same street. The distance from the Campbell Hotel to the schoolhouse if measured in a line to the street, thence along the street to a point opposite the schoolhouse, and thence to the schoolhouse, was more than 400 feet. The defendant contended that that measurement should be used to determine the distance under the statute. The court held differently and said:

"If the two buildings are situated upon the same street, that is, if they have entrances from a common street, the four hundred feet are to be determined by the distance between the two buildings, without any other measurement. The distances of the buildings from the street form no part of the distance of the buildings from each other. It is not necessary that the buildings should be situated on the line of the same street. They may perhaps be some distance from the line of the street, with a walk leading to them, but they are situated as completely on the same street as they would be if the building abutted upon the line of the street. Whenever the school-house and the building in which a license is granted are situated upon the same street, whether close to the street or some distance from it, the four hundred feet between them are to be determined by measuring the nearest point of each house to the other. This will determine the distance required by the statute."

After considering the facts in the case before us and the law as given in our own cases, and those from other jurisdictions involving issues similar to that which is here presented, we are of the opinion that, since the entrance to St. Lucy's Church is practically opposite the entrance to Newport Motor Inn on the same highway, the only distance to be measured is the width of the highway which is 66 feet, a distance clearly within the prohibition of the statute. It

is our opinion that in passing the statute the legislature had in mind the nearness of the respective premises to each other. It is at the entrance to church property that parishioners entering or leaving the highway would observe the patrons of a place serving liquor either leaving the highway or entering it after coming from the place of sale.

The petition is denied and dismissed, the writ heretofore issued is quashed, and the papers certified pursuant thereto are ordered returned to the respondent liquor control administrator with our decision endorsed thereon.

*Matthew J. Faerber, Frederick W. Faerber, Jr.,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Joseph L. Breen,* Chief Special Counsel for State.