EDWARD W. SMITH ESTATES, INC. *et al. vs.* GEORGE E. O'DOWD, *Liquor Control Adm'r.*

NOVEMBER 8, 1961.

PRESENT: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

Powers, J. This is a petition for certiorari to review a decision of the liquor control administrator denying and dismissing an appeal by the petitioners from the granting of a class B victualer's beverage license by the Westerly town council acting as a licensing board. We issued the writ and in response to the mandate thereof the respondent has duly certified the records to this court.

It appears therefrom that on November 5, 1960, Holiday Lanes-Westerly, Inc., a Rhode Island corporation, made application to the Licensing Board of the town of Westerly for a class B victualer's beverage license, which application was duly advertised in the Westerly Sun on November 21 and 28, 1960 for hearing on December 5 of that year.

The premises in question were described in the application as being located at "Granite Street Shopping Center on the southwest side of the parking area of said Shopping Center and being situated in the northeast corner of the building leased by Granite Realty Co. to Holiday Lanes-Westerly, Inc. * * *." The location of the premises as set forth in the public notice was identical with that appearing in the application with the exception of the reference to the northeast corner of the building leased.

After a hearing was duly had on December 5, 1960 the town council granted the license over the protests of numerous objectors, including petitioners, who within the time prescribed by law appealed to the liquor control administrator as provided in G. L. 1956, §3-7-21.

On February 20 and 21, 1961, a hearing was held before the administrator at which petitioners Edward W. Smith Estates, Inc., Westerly Shopping Center, Inc. and Westerly Community Credit Union, all Rhode Island corporations, together with several individual remonstrants, attacked the jurisdiction of the town council by attempting to show that they were the owners of more than one half of the property within 200 feet of the licensed premises. The evidence in this regard consisted of the testimony of Edward W. Smith, president of Edward W. Smith Estates, Inc., his brother Isaac G. Smith, and Alfred E. Bollengier, a notary public, together with certain exhibits. It tended to prove, if competent, that petitioners were in fact the owners of more than one half of the property within 200 feet of the licensed premises.

The administrator, however, refused to credit the status of Edward W. Smith Estates, Inc. and Westerly Shopping Center, Inc. as remonstrants on the ground that there was no evidence of any corporate action authorizing the officer to remonstrate against the granting of a license to Holiday Lanes-Westerly, Inc., since neither of the written remonstrances bore the official corporate seal nor were any minutes offered in evidence showing that formal protest had been adopted.

In his decision the administrator approved the action of the town council and denied and dismissed the appeal. He gave as his reasons that there was no competent evidence in support of their allegation that the local licensing board had lacked jurisdiction; that there was no evidence whatsoever that the licensee did not qualify for a class B victualer's beverage license, noting that there was no burden

on the licensee at the hearing on petitioners' appeal to prove its qualification within the meaning of G. L. 1956, §3-7-7; and that the location of the premises to be licensed was sufficiently described in the public notice.

The petitioners have briefed and argued three contentions, namely, that neither the licensee nor the local licensing board offered any evidence to prove that the licensed premises were in existence or prepared to serve food as required by law; that the administrator erred in rejecting the status of Edward W. Smith Estates, Inc. and Westerly Shopping Center, Inc. as remonstrants; and that the notice as published was insufficient as a matter of law.

The petitioners have misconceived their burden in the hearing on their appeal to the administrator. It was for them to show that the premises licensed were in fact nonexistent or still in the process of construction if such were the case. Whatever the facts may have been in this regard, when the town council acting as a licensing board granted the application, such facts were not made a part of the record in the hearing before the administrator and he was justified in assuming that the board acted pursuant to law. This rule was equally applicable in the matter of the licensee's facilities for the serving of food as required by §3-7-7. It was for petitioners as the appellants in the hearing before the administrator to show that the town council acting as a licensing board was without jurisdiction in the premises.

The petitioners argue, however, that the hearing before the administrator is de novo and, absent relevant evidence by the licensee or local board, the administrator has no alternative other than to grant the appeal. The petitioners misconceive the nature of the administrator's jurisdiction. We have held that hearings before him may be de novo in his discretion but that, when acting on such appeals, he is in fact a super-licensing board vested with broad discretionary power. *Baginski* v. *Alcoholic Beverage Comm'n,* 62

R. I. 176. In the instant case the administrator did not abuse his discretion by assuming that in the absence of evidence to the contrary the local board had acted pursuant to law.

The petitioners' second contention is likewise without merit. They concede that if Edward W. Smith Estates, Inc. and Westerly Shopping Center, Inc. are not proper remonstrants, then the remaining remonstrants represented in the hearing are not the owners of more than one half of the property within 200 feet of the licensed premises. It is elementary that no stockholder, even if he possesses all of the stock, can speak for the corporation as such. Nor is it material that such a stockholder is an officer. In the absence of official action by its board of directors or such other authority as the charter or by-laws may provide, it cannot be said that a corporation has taken a position such as that claimed by petitioners. Although Edward W. Smith testified that he owned the corporation and was its president and treasurer, he offered no testimony that the corporation had voted to oppose the granting of the license in issue. There was no testimony whatsoever in the matter of Westerly Shopping Center, Inc. other than that given by Smith in support of the written remonstrance signed "Westerly Shopping Center, Inc. By Madelyn E. Gould President." However, he admitted having no knowledge as to any action taken by the corporation authorizing its president to record its objection.

The record of the hearing before the local board was not part of the record on which the administrator made his decision. If at the hearing before the local board the corporations in question had made lawful objection, the administrator was not so apprised and it was within his discretion to assume that the objections made to the local board were no more official than those upon which he acted.

The remonstrance of property owners as distinguished from those of churches or schools is to be proved by the

property owners who object to the granting of a license. The local board is without jurisdiction if the premises to be licensed are in fact within 200 feet of a church or school. See *Newport Motor Inn, Inc.* v. *McManus,* 93 R. I. 93, 171 A.2d 440. However, in the case of objection by private owners, the local board has jurisdiction, unless timely, competent objection is made by the property owners concerned.

Finally, there is the contention as to the adequacy of the public notice. The petitioners contend that they come within the rule laid down in *Dexter* v. *Town Council,* 17 R. I. 222. In that case this court held that a notice giving no more information than "Robert Tripp, High Street, Valley Falls" was fatally defective.

In the instant case the respondent, however, argues that the Granite Street Shopping Center is a well-known location, particularly to residents of Westerly. He contends that the notice here more properly falls within the decision of this court in the case of *Dougherty* v. *Town Council,* 30 R. I. 207. There it was held that the notice, "Owen F. Deady, in Dawley's Block, Main Street, Wyoming," was sufficient and readily distinguishable from the scanty information furnished by the notice in the *Dexter* case. There is merit in such contention.

The petitioners argue that the specific designation "northeast corner" appearing in the application was deleted, whether by inadvertence or otherwise, and thus the entire premises became the focal point from which property lines were to be measured in determining the number of property owners coming within the 200-foot limitation. If we concede this argument to be sound, then the notice becomes even broader for it conceivably alerted more property owners than those who would have qualified as jurisdictional remonstrants had the notice contained all of the information given in the application. The respondent stresses that the Granite Street Shopping Center is well known to the residents of Westerly. He is presumably cor-

290

rect for no argument to the contrary was advanced by the petitioners.

The appeal is denied and dismissed, the writ heretofore issued is quashed, and the records certified to this court are ordered returned to the respondent with our decision endorsed thereon.

FROST, J., did not participate in the decision.

*Edward M. Botelle,* for petitioners.

*J. Joseph Nugent,* Attorney General, *John R. Cosentino,* Special Counsel, for State.