[Crim. No. 20577. Second Dist., Div. One. Oct. 28, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL P. NOONAN, Defendant and Appellant.

COUNSEL

Gray & Jeppson and Edwin Paul for Defendant and Appellant.

Roger Arnebergh, City Attorney, and Howard Fox, Deputy City Attorney, for Plaintiff and Respondent.

OPINION

**LILLIE, J.**—A municipal court jury found defendant guilty of drunk driving (§ 23102, Veh. Code); on appeal the appellate department of the superior court reversed the judgment. Acting under subdivision (a) of rule 63, California Rules of Court, the appellate department on its own motion certified the cause "to settle important questions of law and to secure uniformity of decisions." The questions presented by it are "1. What duty, if any, do law enforcement officers have as to preservation of test ampules used in breathalyzer tests for sobriety?

"2. Is the burden upon the People to show that the preservation of the ampule is impossible or would not benefit defendant? Or

"3. Is the burden upon the defendant to show that the preservation is

possible and would benefit the defendant?" This court ordered the cause transferred to it.

The record shows that defendant was apprehended after Officer Nichols observed him traveling at a high rate of speed and driving in an erratic manner; based on defendant's physical condition, the strong odor of alcohol on his breath and his inability to satisfactorily perform any of the field sobriety tests, the officer formed the opinion defendant was drunk. Upon arriving at the station breathalyzer machine number 10 was used to test defendant's breath for alcohol, and a reading of .22 was obtained. According to exhibit 9 and Officer White, an expert, a reading of .15 and up indicates the subject is definitely under the influence.

On defendant's motion to compel the production of the test ampoule (containing certain chemicals) used in the breathalyzer machine, it was established that the ampoule had been intentionally although not maliciously destroyed by the police department and was no longer in existence; the motion was denied. Before trial the People moved the admission of the scientific results of the breathalyzer test (check list [exh. 1]; test record [exh. 2]); defendant objected on the ground that the test ampoule had been destroyed depriving him of the opportunity to scientifically controvert the results of the test. After taking expert testimony the trial court over-ruled defendant's objection and admitted exhibits 1 and 2 in evidence. Later, in the trial the exhibits were formally received in evidence over objection of defendant. On appeal defendant urged that because such test ampoule was routinely destroyed after its use he was denied the opportunity to subject it to an independent laboratory analysis thus preventing him from refuting by scientific means Officer Nichols' testimony and the results of the test. The question before the appellate department was whether the municipal court erred in admitting in evidence the results of the breathalyzer test and, if so, the effect of the error.

The duty of the prosecution to preserve evidence for trial was established by the California Supreme Court in *Eleazer* v. *Superior Court,* 1 Cal.3d 847 [83 Cal.Rptr. 586, 464 P.2d 42], in which it squarely faced the issue of the prosecution's duty to locate a police informer with whom the police had lost contact. The court said at pages 852-853: "Certainly in the present case, *after the informer was shown at the preliminary hearing to be a material witness,* and when he still remained in police employ, the police or district attorney should have undertaken a good faith effort at least to obtain his address or to make some arrangement under which he could be successfuly subpenaed for trial." (Italics added.) Thus, the prosecution must bear the burden of proving it was unable through reasonable efforts in good faith to locate the informer so that either party or the court could,

if so desired, subpoena him as a witness. (P. 853.) Implicit in the holding in *Eleazer* is the principle that first, before the prosecution's duty arises, defendant must discharge his burden of demonstrating that in view of the evidence there is a reasonable possibility that the anonymous informant would be a material witness on the issue of his guilt and that nondisclosure of his identity would deprive him of a fair trial. This duty has been established by a long line of cases and is best pointed up in, *People* v. *Hunt*, 4 Cal.3d 231, at page 239 [93 Cal.Rptr. 197, 481 P.2d 205]: "When it appears from the evidence that an informer is a material witness on the issue of the defendant's guilt, the informer's identity may be helpful to the defendant and nondisclosure would deprive him of a fair trial. The People must either disclose his identity or incur a dismissal. (*Price* v. *Superior Court,* 1 Cal.3d 836, 842-843 [83 Cal.Rptr. 369, 463 P.2d 721]; *Honore* v. *Superior Court,* 70 Cal.2d 162, 167 [74 Cal.Rptr. 233, 449 P.2d 169]; *People* v. *McShann,* 50 Cal.2d 802, 808 [330 P.2d 33].)

"We pointed out in *Price*: 'The defendant need not prove that the informer would give testimony favorable to the defense . . . nor need he prove that the informer was a participant in or even an eyewitness to the crime. The defendant's "burden extends only to a showing that 'in view of the evidence, the informer would be a material witness on the issue of guilt and nondisclosure of his identity would deprive the defendant of a fair trial.' (*People* v. *Williams* (1958) 51 Cal.2d 355, 359 [333 P.2d 19].) 'That burden is discharged, however, when defendant demonstrates a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration. . . .' " ' "

██ Thus, it is clear from the foregoing that on the issue of preservation of evidence for trial as it applies in the instant case, it was first the duty of defendant to demonstrate a reasonable possibility that a scientific analysis of the ampoule could give evidence on the issue of guilt which might result in his exoneration, and only after that duty had been discharged did the burden fall on the prosecution to establish that it was unable through reasonable efforts in good faith to preserve the test ampoule. Before trial the issue of the admissibility of the scientific results of the breathalyzer test was decided by the court—the People moved for their admission and defendant objected thereto. ██ After taking expert testimony offered by both defendant and the People on whether the test ampoule could have been retained in a practical feasible manner and, if so, whether a post test analysis of the ampoule would have been of value to the defense, the court overruled the objection and granted the motion making the factual finding, among others, that defendant failed

to establish that "if so retained that it [test ampoule] would have been of possible value to the defense." Having found that defendant failed to sustain its initial burden the court properly admitted the evidence.

The judgment is affirmed.

Wood, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied November 24, 1971, and appellant's petition for a hearing by the Supreme Court was denied December 23, 1971. Peters, J., was of the opinion that the petition should be granted.