[Civ. No. 47302. First Dist., Div. One. Feb. 7, 1980.]

AMOS GOODLOW, Petitioner, v.
THE SUPERIOR COURT OF CONTRA COSTA COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Patrick R. Murphy, Public Defender, and David C. Coleman III for Petitioner.

No appearance for Respondent.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Edward P. O'Brien, Assistant Attorney General, Robert R. Granucci and Blair W. Hoffman, Deputy Attorneys General, for Real Party in Interest.

## OPINION

**GRODIN, J.**—Petitioner seeks a writ of prohibition or mandate to compel respondent court to grant his motion to compel disclosure of the name of a confidential informant prior to his probation revocation hearing.

Petitioner was granted three years' probation on March 2, 1977, after pleading guilty to a charge of selling or giving away a narcotic drug. (Health & Saf. Code, § 11352.) On October 2, 1978, he was arrested by the Pittsburg police after two officers received information from an informant' that petitioner was involved with drugs. A residence was searched and drugs and a gun were found in a bedroom allegedly occupied by petitioner and a Mr. Pender. At a preliminary hearing on January 22, 1979, criminal charges arising from the arrest and search (Health & Saf. Code, § 11350; Pen. Code, §§ 12021, 496) were dismissed because the district attorney refused to reveal the informant's name.

On February 14, 1979, the Contra Costa County Probation Department reported on petitioner to the court, discussed the October arrest and recommended continued probation. On February 27, 1979, the district attorney filed a petition for modification or revocation of probation based on the October arrest.

Petitioner moved for disclosure of the informant's identity, and the motion was denied. Upon the filing of the instant petition this court issued an alternative writ of mandate and stayed petitioner's probation revocation hearing pending opposition and disposition of the questions raised.

The threshold question presented is whether a defendant in a probation revocation proceeding is entitled to disclosure of the identity of an informant who is a material witness. While the question is apparently one of first impression, principles already established leave little

doubt as to the appropriate answer. "[T]he nature of a probationer's interest in his liberty...is at least as great as that of a parolee and is entitled to at least the same due process safeguards before it is terminated." (*People v. Vickers* (1972) 8 Cal.3d 451, 458 [105 Cal.Rptr. 305, 503 P.2d 1313]; *Gagnon v. Scarpelli* (1973) 411 U.S. 778, 782, fn. 3 [36 L.Ed.2d 656, 661-662, 93 S.Ct. 1756].) These safeguards include at a minimum the "opportunity to...present witnesses and documentary evidence [and] the right to confront and cross-examine adverse witnesses," unless there is a finding of good cause for not allowing confrontation. (*Morrissey. v. Brewer* (1972) 408 U.S. 471, 489 [33 L.Ed.2d 484, 499, 92 S.Ct. 2593]; *People v. Vickers, supra*, at pp. 458-459.) Thus, an inmate confronting rescission of an unexecuted grant of parole has a right to disclosure of documents relating to notices of term-fixing and parole meetings "subject to limitation only when an informant will be exposed to an undue risk of harm" (*In re Prewitt* (1972) 8 Cal.3d 470, 476 [105 Cal.Rptr. 318, 503 P.2d 1326]); and in a parole revocation proceeding the parolee is entitled to production of a "confidential" report, even though the parole board had not used it in making its decision, where the report "might have contained material which would have tended to exonerate [him], or it might have enabled [him] to better prepare a defense and assert matters in mitigation." (*In re Love* (1974) 11 Cal.3d 179, 184 [113 Cal.Rptr. 89, 520 P.2d 713].) With respect to testimonial evidence, it has been suggested that a parolee may be entitled to state-compelled production of a possibly exculpatory witness (*In re Carroll* (1978) 80 Cal.App.3d 22, 36-37 [145 Cal.Rptr. 334]), and of course that entitlement is meaningless without knowledge of the witness' identity. Insistence that the privilege of informer confidentiality give way to the defense of an accused "arises from the fundamental requirements of fairness" (*Roviaro v. United States* (1957) 353 U.S. 53, 60 [1 L.Ed.2d 639, 645, 77 S.Ct. 623]), and thus would appear fully applicable to a probation revocation hearing where guilt is at issue.

Real party in interest relies upon *People v. Peterson* (1973) 9 Cal.3d 717 [108 Cal.Rptr. 835, 511 P.2d 1187]. In that case defendant complained of various alleged procedural defects in his postconviction sentencing hearing, at which his application for a *grant* of probation was heard and denied. Among other things, he complained that the trial court, after conducting an *in camera* hearing, denied his motion to compel disclosure of the identity of an informer who allegedly told a police sergeant that the defendant was a "big dealer in heroin." The Supreme Court, relying upon *Williams v. New York* (1949) 337 U.S. 241 [93

L.Ed. 1337, 69 S.Ct. 1079], distinguished between "evidentiary procedural limitations applicable to the guilt-determining processes from those applicable to hearings relating to the fixing of punishment after a determination of guilt has been made," and held that the standard applicable in the latter situation is whether the procedures were "fundamentally unfair." (9 Cal.3d at pp. 725-726.) Observing that the defendant proceeded to identify the individual whom he believed was the informant, and produced evidence designed to impeach him, that there was "substantial reason" for believing that the communications received from the informant were accurate and reliable, and that there was other independent evidence of the sergeant's testimony, the court applied the "fundamentally unfair" standard to conclude that the proceedings did not infringe upon due process or other federal constitutional protections. (*Id.*, at p. 730.) In a footnote reference to the trial court's conducting an *in camera* hearing, the court stated in part: "Evidence Code section 1042, subdivision (d), deals with the disclosure of an informant who may be a material witness 'on the issue of guilt.' We do not purport herein to reach the issue whether disclosure of the informant's name can be compelled for probation and sentencing purposes. (See *Honore* v. *Superior Court* (1969) 70 Cal.2d 162....)" (*Id.*, at p. 729, fn. 12.)

Real party in interest argues that *Peterson* "expressly left open the question presented here," and that it established as the standard governing that question the test of "fundamental unfairness." That argument misconceives the context and thrust of the *Peterson* opinion. It is quite clear that the question reserved in the quoted footnote pertains to a proceeding of the sort under consideration in that case, i.e., a postconviction sentencing proceeding, and not a parole or probation revocation hearing at which guilt is an issue; and the body of the opinion distinguishes between sentencing and guilt determination for purposes of the applicable standard. It is noteworthy that the opinion makes no reference to *Morrissey* v. *Brewer, supra*, 408 U.S. 471, or *People* v. *Vickers, supra*, 8 Cal.3d 451, both of which had been decided just the previous year. It is arguable, of course, that the right to discover the identity of a material witness informant exists even in proceedings governed by the general *Williams-Peterson* standard. On the premise we adopt—that a probation revocation proceeding is a guilt-determining process governed by the more particularized *Morrissey-Vickers* standards—we have no hesitation in concluding that the defendant has such a right.

■ There remains for consideration whether the defendant was deprived of that right in this proceeding.

■ A defendant is entitled to disclosure of the identity of a confidential informant only if there is a reasonable possibility that the informant could give exonerating testimony on the issue of defendant's guilt. (*Honore* v. *Superior Court* (1969) 70 Cal.2d 162, 167 [74 Cal.Rptr. 233, 449 P.2d 169]; *People* v. *Garcia* (1967) 67 Cal.2d 830, 836 [64 Cal.Rptr. 110, 434 P.2d 366].) When the issue is presented by extraordinary writ prior to trial the question is whether the defendant would be deprived of a fair trial by nondisclosure. (*Theodor* v. *Superior Court* (1972) 8 Cal.3d 77, 88 [104 Cal.Rptr. 226, 501 P.2d 234]; *Price* v. *Superior Court* (1970) 1 Cal.3d 836, 843 [83 Cal.Rptr. 369, 463 P.2d 721]; *Honore* v. *Superior Court, supra*, at p. 168.) In order to carry his burden of establishing a "reasonable possibility" that the informant could give exonerating testimony the defendant must show something more than sheer speculation, but need not establish that the informer would in fact give favorable testimony, or that he would give particular testimony. (*People* v. *Tolliver* (1975) 53 Cal.App.3d 1036, 1043-1044 [125 Cal.Rptr. 905].)

■ Here, two of the charges against petitioner are based on his possession of contraband (heroin and the pistol) on October 2. ■ Apparently they are based on his constructive possession. ""'The accused has constructive possession when he maintains control or a right to control the contraband." [Citation.] "Possession may be imputed when the contraband is found in a location which is immediately and exclusively accessible to the accused and subject to his dominion and control" [citation] or which is subject to the joint dominion and control of the accused and another [citations].' (*People* v. *Francis* (1969) 71 Cal.2d 66, 71. . . .) However, '[w]hen contraband is found in a place to which a defendant and others have access and over which none has exclusive control "no sharp line can be drawn to distinguish the congeries of facts which will and that which will not constitute sufficient evidence of a defendant's knowledge of the presence of a narcotic. . . ." [Citation.]' (*People* v. *Hutchinson* (1969) 71 Cal.2d 342, 345. . . .) '[P]roof of opportunity of access to a place where narcotics are found, without more, will not support a finding of unlawful possession.' (*People* v. *Redrick* (1961) 55 Cal.2d 282, 285. . . .)" (*Williams* v. *Superior Court* (1974) 38 Cal.App.3d 412, 422 [112 Cal.Rptr. 485].)

■ The trial court conducted a hearing on petitioner's motion at which the two police officers testified. One of them, Officer Dunlevy, testified that the informant spoke to him on September 24, 1978, and told him that petitioner and Pender lived with Miss Surcey, to whom Pender was related; that he had been in a bedroom shared by petitioner and Pender and observed what he believed to be narcotics there; that he had last seen a shaving kit in the bedroom on September 21; and that he had seen petitioner roll and smoke a leafy substance. Officer White testified that the informant contacted him on the same day and told him that Surcey, Pender, petitioner, and a fourth person (Johnson) lived at the house; that he had seen drugs in Pender's bedroom and described the drugs and their packaging; and that petitioner spent time at the residence and many other people visited there. While it is not part of the transcript, the district attorney conceded in his memorandum on the motion that the informant told Dunlevy that *"Pender* has a shaving kit containing balloons which he believes contain narcotics," and that *"Pender* has been selling the balloons in City Park." (Italics added.) The search warrant was served October 2, 1978.

In cases involving constructive possession, where the defendant has based his right to disclosure of the informant's identity on a theory that the informant might testify that others possessed sole dominion and control over the contraband, the courts have compelled disclosure if there were other persons present at the time the informant made his observations. (E.g., *Honore* v. *Superior Court, supra,* 70 Cal.2d at p. 169; *People* v. *Garcia, supra,* 67 Cal.2d at p. 839; *People* v. *Tolliver, supra,* 53 Cal.App.3d 1036; *Williams* v. *Superior Court, supra,* 38 Cal.App.3d 412.) Here, the People argue that the informer's observations 11 days prior to the search and arrest are too stale to be relevant to the question of defendant's guilt. ■ While the time between the informant's observations and the factual basis for the charges is *one* of the factors to be considered in determining whether the informant is a material witness (see e.g., *People* v. *Alvarez* (1977) 73 Cal.App.3d 401, 407 [141 Cal.Rptr. 1]; cf., *Williams* v. *Superior Court, supra,* at p. 423), and while in most of the cases in which an informant has been deemed a material witness the time lapse has been shorter, obviously time is only one factor to be considered, and its significance must be judged in relation to the facts of the particular case. ■ We find the facts of this case to support a reasonable possibility that the informant might provide evidence bearing upon the issue of petitioner's guilt.

We reach this conclusion conditionally, however. While neither party has discussed the issue, we believe that the *in camera* hearing procedure provided for in Evidence Code section 1042, subdivision (d) is applicable to this proceeding. That procedure applies by its terms to a "criminal proceeding," and a probation revocation proceeding is of that nature. (See *People* v. *Coleman* (1975) 13 Cal.3d 867, 894 [120 Cal.Rptr. 384, 533 P.2d 1024].) It follows that the prosecution in this case could have requested an *in camera* hearing for the purpose of aiding the court in its determination whether there is a "reasonable possibility that nondisclosure might deprive the defendant of a fair trial" (Evid. Code, § 1042, subd. (d)), and we consider it appropriate that it be granted such an opportunity on remand. (See *People* v. *Ingram* (1978) 87 Cal.App.3d 832, 840-843 [151 Cal.Rptr. 239]; *People* v. *Blouin* (1978) 80 Cal.App.3d 269, 288 [145 Cal.Rptr. 701].) While there may arguably be merit in encouraging the prosecution to utilize the *in camera* procedure *ab initio* rather than permitting a second bite at the apple (cf., *Williams* v. *Superior Court, supra*, 38 Cal.App.3d at p. 425), the fact that the issue presented in this case is one of first impression militates against such a policy here.

A peremptory writ of mandate will issue directing the trial court to conduct further proceedings in conformity herewith. Our determination of the case does not, of course, preclude revocation of petitioner's probation, if cause exists therefor, on grounds which do not involve the informant's information.

Elkington, Acting P. J., and Newsom, J., concurred.